HOLMES, Judge.
This is a teacher tenure case.
The record reveals the following: On April 28, 1977, the board of education notified the appellants-teachers of the board’s intent to transfer them to another school. Appellants objected to the transfer and demanded a hearing. Accordingly, the board, by letters on May 5 and 10 respectively, notified each of the time and place set for a hearing. The notice of the hearing did not specify the reasons for which the board sought to effect the transfers.
After a hearing, the board reaffirmed its decision to transfer and the teachers appealed to the Alabama State Tenure Commission. The tenure commission, on July 15, struck down the board’s decision because it found that the notice of the time and place for the hearing failed to include the board’s reasons for the appellants’ transfer as required by Code of Ala.1975, § 16-24-6.
After the commission struck down the transfers, the board, on July 20, again informed the appellants that it intended to transfer them. On July 28,1977, the board gave notice to appellants that the reason for their transfer was a decrease in enrollment at the school were each had taught. In addition, the July 28 notice also informed appellants of their right to a hearing. Rather than contest the reasons for the transfer at a hearing before the board, the teachers appealed a second time to the tenure commission.
On this second appeal, the commission found that the board’s July 28 letter properly stated the reasons for appellants’ transfer and thus upheld the board’s actions. After the Circuit Court of Marengo County upheld the commission’s decision, the teachers appealed.
Able counsel for appellants maintains that the transfers in this case did not comport with procedural or substantive due process and thus are invalid.
Prior to discussing the procedural aspects of this appeal, we observe that appellants’ substantive due process contentions are not properly before this court.[1] In Ala. State Tenure Commission v. Board of School Com’rs of Mobile County, Ala.Civ.App., 332 So.2d 724 (1976), this court held that it must limit its review to the subject matter and actions pertaining thereto taken by the tenure commission and the court below. In the case before us, the record reveals that appellants premise this appeal on the commission’s August 18, 1977, decision and the ruling of the court below which upheld the validity of the board’s procedural actions. Because the substantive issues raised by appellants were not considered below, they are inappropriate for our review here. Board of School Com’rs of Mobile County, supra.
With respect to the procedural contentions raised by appellants, we note at the outset that in teacher transfer cases, § 16-24-5 requires the board give a teacher notice of its intent to transfer. This notice puts the teacher on actual notice that a change in the employment situation is contemplated by the board and thus gives the teacher an opportunity to acquiesce to the change, seek other employment, or challenge the board’s action. See, e. g., Ala. State Tenure Commission v. Franklin County Bd. of Ed., Ala.Civ.App., 336 So.2d 187 (1976). Subsequently, if the teacher timely *503 contests the transfer, § 16-24-6 contemplates that another notice be sent the teacher which sets forth the time and place of the hearing and the reasons for the transfer. In Franklin County Bd. of Ed., supra, this court held that the notice provisions set forth in § 16-24-6 are calculated to inform the teacher of the reasons for the transfer in order that the teacher be afforded an adequate opportunity to prepare a defense.
Counsel for appellants contends that notice of intent to transfer was not properly given by the board in this instance. This allegation is premised on the contention that notice of intent to transfer under § 16-24-5 must be given prior to June 30, i. e., before the commencement of the succeeding school year. Appellants further argue that because the tenure commission, in its July 15 order, held invalid the May 5 hearing notice given pursuant to § 16-24-6, the notice of intent to transfer was also declared invalid. We do not agree.
Under the facts of this case, this court is not required to reach nor discuss the issue of whether § 16-24-5 compels the board to give notice of intent to transfer prior to June 30. This is so because the record clearly reveals that the board gave notice, pursuant to § 16-24-5, of its intent to transfer appellants on April 28, 1977, unquestionably prior to the June 30 deadline. Therefore, even assuming arguendo that the board is required to give such notice by June 30, a proposition which we do not necessarily adopt, such notice, in this instance, was timely given.
We do not agree that the board’s April 28 notice of intent to transfer was rendered invalid when the tenure commission found that the hearing notice sent by the board pursuant to § 16-24-6 was void. The commission’s ruling specifically held that the board’s initial attempt to inform appellants of their hearing, without giving the reasons for their transfer, was invalid; however, the ruling did not encompass the validity of the intent to transfer notice.
In addition to what we have said, we reiterate that the central purpose of the § 16-24-5 intent to transfer notice is to give the teacher timely actual knowledge of the contemplated change in her employment situation. Where, as here, appellants received actual knowledge, and the purposes of the § 16-24 — 5 were subserved, this court cannot say that the effect of the April 28 notice was erased by the commission’s first order. See, e. g., Fluker v. Ala. State Bd. of Ed., 441 F.2d 201 (5th Cir. 1971).
Appellants next contend that the board failed to give valid notice, pursuant to § 16-24-6, of the reasons for their transfer and the time and place of the hearing. The record demonstrates that this contention is factually incorrect.
We agree that the board’s initial May 5 notice failed to state the reasons for the transfer and therefore was ineffective. However, the record reveals that the board’s subsequent notice on July 28 expressly informed appellants that they were being transferred due to a lack of enrollment at the school where they had been teaching, and thus the requirements of § 16-24-6 were fulfilled.
Furthermore, it was within the prerogative of appellants, after they received notice of the hearing and the reasons for the transfer, to avail themselves of the right to explore the merits of the board’s proposed changes. We note, however, that rather than avail themselves of a second hearing on the merits, appellants instead instituted this appeal contending in part that they were denied their procedural rights to prepare an adequate defense. For obvious reasons, the contention that appellants were deprived of an opportunity to prepare a defense, when they in fact were given an opportunity which they disdained, is not persuasive.
Given the foregoing, we hold that appellants, in this instance, were given timely notice of the employing board’s intent to transfer them. Further, we hold that appellants were validly notified of the reasons for the transfer and of the time and place for a hearing to contest the board’s action. *504 Accordingly, we find no error in the decision of the court below.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. The teachers in essence contend that the transfers were arbitrary and unjust in that they were prompted by personal or political reasons. They further maintain that because the notices of May 5 and 10, 1977, failed to state the board’s reasons for the transfers, they were unable to adequately meet the substance of the board’s actions on the merits. We note, however, that appellants chose not to exercise their right to a hearing after they had received proper notice.