This is a teacher tenure case.
Following notice and a hearing held in compliance with §16-24-9, Code of Alabama (1975), the County Board of Education of Shelby County, Alabama, cancelled the employment contract of Odessa Jackson, a tenured teacher. Miss Jackson appealed to the Alabama State Tenure Commission pursuant to § 16-24-10. The Tenure Commission reversed the action of the Board and the Board filed a petition for writ of mandamus with the Shelby County Circuit Court. The circuit court found that there was sufficient evidence to support the finding of the Tenure Commission and denied the petition. The Board appeals. We affirm.
The tendencies of the evidence reveal the following:
Riverchase Middle School's first year of operation began in the fall of 1978. In order that the school might operate with a full staff of thirty teachers, the Board planned to transfer a number of teachers from other schools in Shelby County to Riverchase. The trustees of Riverchase Middle School protested the transfer of eight of these teachers, one of whom was Odessa Jackson. The trustees filed suit to prohibit the transfer of these eight teachers and the circuit court continued the case until the end of the school year. These teachers, including Miss Jackson, taught at the school during the 1978-79 school year.
During the summer of 1979, after the close of the school year, Miss Jackson was notified that the Board had voted to cancel her teaching contract. The Board stated four reasons for its action. They were:
1. Inadequate lesson plans
2. Inadequate instructional strategies
3. Inadequate classroom management
4. Lack of participation in the PTO
Presumably these reasons, collectively, were intended to indicate incompetency, a statutory ground for cancellation of an employment contract of a teacher with continuing service status under the teacher tenure law (§ 16-24-8).
A termination hearing was held in August 1979. At this hearing both the Board and Miss Jackson presented evidence to support their respective positions. It was on the basis of this evidence that the Tenure Commission overruled the Board's action terminating Miss Jackson's contract.
The evidence adduced at the hearing may be summarized briefly for our purposes. The Board presented testimony of three persons in support of termination. Two witnesses, who had done evaluations of teachers at the school during the course of the year, testified as to Miss Jackson's inadequate lesson plans, instructional strategies and classroom management. The principal of the school also testified as to Miss Jackson's inadequacies in these areas and, in addition, testified that she failed to participate in school activities such as a "disco dance," and the PTO.
To refute the Board's evidence of inadequate lesson plans, Miss Jackson offered her lesson plans for the week in which the evaluation by the Board's witness was made. These plans showed that the school principal had marked "Good, Good" on them in two different places, yet he, at the hearing, testified as to their inadequacy. The assistant principal at the school, with some thirty years' experience in education and thirteen years in the supervision of teachers, testified that Miss Jackson's plans were satisfactory most of the time. This witness, whose job it was to supervise and evaluate teachers in the school, also testified that Miss Jackson rated "satisfactory" in terms of her relationship and interaction with students and in her overall performance.
As to the instructional strategies used by Miss Jackson, these were described as "totally unsatisfactory" by the Board's witness. However, testimony and exhibits were introduced at the hearing which showed that the objectives Miss Jackson employed were almost identical and verbatim to those set out in a teacher's manual which she was instructed to follow.
Evidence was also introduced by the teacher in an attempt to refute the charges *Page 844 
of lack of participation in school activities and the PTO. This evidence was that Miss Jackson attended the first PTO meeting and found a trustee soliciting funds for the lawsuit to have the eight teachers excluded from the school, one of whom was Miss Jackson. Miss Jackson and other teachers refused to attend PTO meetings in the future. Further evidence showed that Miss Jackson had participated in school activities to some degree and that her reasons for not attending a dance were religious in nature. Finally, Miss Jackson introduced evidence that the evaluations prepared by the Board's witnesses were incomplete and invalid. This was testified to by a witness who was, arguably, as qualified as the Board's witnesses in the educational field.
In a teacher tenure case the scope of our review is the same as that of the circuit court in its consideration of the petition for writ of mandamus. It has been firmly established in recent decisions of our appellate courts that if there is sufficient evidence to support the conclusion of the Tenure Commission, then its decision must be affirmed. Sumter CountyBoard of Education v. Alabama State Tenure Commission,352 So.2d 1137 (Ala. 1977). The Commission will not be reversed unless it has failed to comply with procedural requirements or unless its judgment is so contrary to the preponderance and weight of the evidence as to be unjust. Schneider v. MobileCounty Board of School Commissioners, 378 So.2d 1119
(Ala.Civ.App. 1979), cert. denied, 378 So.2d 1122 (Ala. 1980);Alexander v. Alabama State Tenure Commission, 358 So.2d 1032
(Ala.Civ.App. 1978). Because no question of a procedural nature is presented, we must respond only to the sufficiency of the evidence in support of the Commission's decision.
As can be seen from the facts summarized above, both sides presented much evidence in support of their respective positions. Having reviewed this evidence thoroughly, we cannot say that the preponderance of the evidence and the overwhelming weight of the evidence is contrary to the conclusion of the Tenure Commission. There was ample evidence in support of the teacher upon which the Commission could base its decision.
Being mindful of the scope of our review, and based upon the facts as found in the record, we affirm the court below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.