BRADLEY, Judge.
This is a teacher tenure case.
The facts are as follows. The Board of Education of Jefferson County completed construction of a new junior high school in the W. A. Berry High School district in 1979. The eighth grade would be moved from Berry to this new junior high school.
Mrs. Velma Avery taught eighth grade social studies at Berry. Avery was notified on August 30, 1979 by the Jefferson County Board of Education that she would be transferred to the new junior high school. Avery, a tenured teacher, demanded a hearing to contest the transfer pursuant to § 16-24-6, Code 1975. A hearing was had before the Board of Education on September 12, 1979 and the Board voted to affirm the transfer. Avery filed notice of appeal to the Alabama State Tenure Commission on September 17, 1979. The Tenure Commission heard evidence and issued an order on October 18, 1979 reversing the Jefferson County Board of Education. That order stated in part:
Upon consideration of the evidence presented, as well as briefs and oral argument of counsel for the Jefferson County Board of Education and the teacher, the Tenure Commission finds that the Board of Education failed to give timely notice of intention to transfer as required by Section 16-24-5, Code of Alabama 1975.
Therefore, the Tenure Commission hereby reverses the action of the Board for failure to give timely notice of transfer as required by Section 16-24-5.
*112 The Board of Education filed a petition for writ of mandamus in Jefferson County Circuit Court on November 13, 1979. Avery’s motion to intervene was granted on December 14,1979. After hearing the matter the trial court entered an order on October 17, 1980 reversing the Tenure Commission. The trial court held:
This Court finds that all procedural requirements for the subject transfer were followed by the Board. There is no requirement that notice of intention to transfer be given by any particular time in Sec. 16-24-5 or elsewhere. It is apparent, also, to this Court that the transfer was for a valid administrative purpose, was not unjust and was not based upon personal or political reasons.
Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
ONE: The subject ruling of the Alabama State Tenure Commission is reversed and remanded and the Commission is ordered to affirm the subject transfer decision of the Board of Education of Jefferson County, Alabama with respect to the transfer of Velma C. Avery.
Avery’s motion for new trial was denied on December 2,1980. Thereafter the Commission and Avery appealed the decision to this court.
As provided in § 16-24-5, a tenured teacher may be transferred by the employing board for any “succeeding year.” The question then is whether Avery was transferred for the “succeeding year.” In order to answer the question we must know what the term “succeeding year” means; and, in the absence of a statutory definition, we must fashion one.
Webster’s Seventh Collegiate Dictionary (1976) defines the word “succeed” as meaning: “to follow after another in order.” Likewise, the term “succeeding term” has been defined to mean a regular term of court succeeding that at which the demand for a trial was made. Stripland v. State, 115 Ga. 578, 41 S.E. 987 (1902). Also the phrase “succeeding fiscal year” means the next complete fiscal year after a schedule of fares was fixed rather than the rest of the fiscal year in which the rates were established. Hurst v. City & County of San Francisco, 33 Cal.2d 298, 201 P.2d 805 (1949).
Based on these definitions we conclude that the term “succeeding year” should be defined as meaning the next school year after the one in which the teacher was transferred.
In the case at bar the evidence shows that classes began at the new school on August 27, 1979, three days before Avery was notified of her transfer to this school. Thus, it is apparent that the new school year, i.e. 1979-80 school year, was in progress when Avery was transferred. Therefore the transfer was for the current school year, i.e. 1979-80, and not for the “succeeding year,” which in this instance under the above definition would necessarily have been for the 1980-81 school year. We believe, and the evidence is supportive of such a belief, that the transfer was intended to be effective in the 1979-80 school year, but for this to be so, the transfer should have been made before the beginning of the 1979-80 school year. This was not done and, as a consequence, the purported transfer was invalid.
The judgment of the trial court is reversed and the cause is remanded for the reinstatement and affirmance of the order issued by the State Tenure Commission.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.