On September 12, 1978, the old Dauphin Island bridge was severely damaged by Hurricane Frederic. The Alabama Highway Department issued a notice that it would accept sealed bids on Project ER-4749 (1) for the "Dredging and Maintenance of Work Canal and the Removal of the Old Dauphin Island Bridges from Cedar Point to Dauphin Island." Misener Marine Construction, Inc., (Misener), submitted the lowest bid and on October 22, 1979, entered into a contract with the Highway Department for the bridge removal project. Work on the project commenced on November 9, 1979, and was completed on April 19, 1980. On March 5, 1980, the Highway Department contracted with Brown Root, Inc., to reconstruct the bridge.
Approximately two months after Misener entered into the bridge removal contract, an examiner with the Alabama Department of Revenue wrote informing them that Misener's contract would be subject to the contractors gross receipt tax. (Code 1975, § 40-23-50). In 1980 and 1981, Misener filed Alabama Highway Contractors Gross Receipts Tax returns with the Department of Revenue and paid a total of $263,977.07 in tax. On May 1, 1981, Misener filed a formal refund petition with the Department of Revenue requesting a refund of the gross receipts tax paid. The refund was denied. Misener then filed an action seeking a writ of mandamus to compel the refund of the gross receipts tax. The circuit court held that the tax was properly levied and denied the writ.
Misener contends on appeal that the gross receipts tax was erroneously assessed and that a refund of its tax payment is due to be granted. We agree with the appellant and reverse the judgment of the trial court.
The issue is whether the work which appellant contracted to perform is subject to the gross receipts tax levied under the terms of Code 1975, § 40-23-50. That statute provides in pertinent part:
 "There is hereby levied . . . a privilege or license tax . . . as follows:
 "Upon every person, firm, or corporation engaged . . . in the business of contracting to construct, reconstruct, or build any public highway, road, bridge, or street, an amount equal to five percent of the gross receipts of any such business. . . ."
Although appellant had contracted only to demolish and remove the old bridges and to dredge and maintain a work canal, the trial court held that the work would be subject to the §40-23-50 tax. The trial judge found that appellant's performance *Page 163 
under the contract was subject to a "dual purpose interpretation" in that the work could be viewed not only as demolition but also as "part of the total purpose of bridge construction."
The "total purpose" language used by the trial court is set out in the case of Barron-Leggett Electric, Inc. v. Departmentof Revenue, 336 So.2d 1124 (Ala.Civ.App. 1976). InBarron-Leggett, a contractor had agreed to install lights along portions of specified highways. Holding that the gross receipts tax applied, the Court of Civil Appeals stated, "Every contract let in the process of building a highway according to the design and specifications as prepared by the highway department would appear to be part of the total purpose of highway construction."
However, we must point out that the contract inBarron-Leggett called for the construction of one of several component parts needed to complete a highway. It is obvious that such a contract, and any others which are let for the purpose of constructing the individual parts of a project, can properly be classified as "part of the total purpose of construction." Yet, we do not view this "total purpose" classification as a "catch all" by which any contract ultimately related to construction, reconstruction, or building can be brought within the coverage of § 40-23-50. Indeed, to tax appellant under this "total purpose" standard would constitute an unwarranted expansion of the language set forth in the statute.
Courts are loath to expand the language of a tax statute. D. Sands, Sutherland Statutory Construction, 4th Ed., §§ 66.01 and 66.02. Moreover, when there is a reasonable doubt as to the meaning of a revenue statute, the doubt is resolved in favor of the taxpayer. It has been an established rule in this jurisdiction, as well as others, not to extend by implication the provision of a statute beyond the clear import of the language used, or to enlarge its operation so as to embrace matters not specifically pointed out. Al Means, Inc. v. City ofMontgomery, 268 Ala. 31, 104 So.2d 816 (1958); State v. HelbrunCo., 269 Ala. 164, 111 So.2d 912 (1959). Ala. Digest, Statutes, Key # 245.
The statute here in question speaks of building and construction and does not mention destruction, removal or demolition. The State argues that under all the circumstances appellant should have known that the removal project was an integral part of a later construction project and that appellant should have known that the State intended at some later time to reconstruct the bridge. We are hesitant to place a construction upon the statute which would make the subjective intent of the Highway Department the deciding factor in determining whether the tax attaches. We think the better view is that the nature of the business activity contracted for should be determinative, Guy H. James Const. Co. v. Boswell,366 So.2d 271 (Ala. 1979), rather than the long range plans or intent of the Highway Department. Indeed, if the subjective intent of the Highway Department was the determining factor, we think serious due process questions would arise.
We hasten to add, however, that under certain circumstances demolition activities can be an integral part of construction activities and could result in taxation under § 40-23-50.
The judgment of the circuit court is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.