HOLMES, Judge.
This is a tax case concerning the “withdrawal” provisions of Ala.Code (1975), § 40-23-l(a)(10).
The State of Alabama Department of Revenue (Department) entered assessments against the taxpayer for state and city sales tax for the period April 1, 1983, through March 31,1985. After an administrative hearing, the administrative law judge determined that no sales tax was owed by the taxpayer, and he directed the Department to enter final assessments against the taxpayer in the amount of zero.
The Department appealed the decision of the administrative law judge to the Montgomery County Circuit Court. The circuit court affirmed the decision of the administrative law judge.
The Department appeals. We affirm.
The facts of the case are not in dispute. The taxpayer purchased wire and cable at wholesale at a cost of $15,231.57 without paying any sales tax at the time of the purchase, pursuant to Ala.Code (1975), § 40-23-2. The taxpayer thereafter donated the wire and cable to the Alabama Aviation and Technical College, a tax-exempt educational institution.
The Department contends that the donation of the cable and wire to the Alabama Aviation and Technical College triggered sales tax under Ala.Code (1975), §§ 40-23-2 and 40-23-l(a)(10).
Section 40-23-2 makes retail sales subject to sales tax. Section 40-23-l(a)(10) defines “retail sale” to include
“the withdrawal, use or consumption of any tangible personal property previous *346 ly purchased at wholesale by a person engaged in the business of selling at retail tangible personal property from the business or stock for the personal and private use or consumption, without transfer of title, in connection with the business or by the person so withdrawing, using or consuming the same, except property which has been previously withdrawn from the business
(Emphasis added.)
The above-emphasized language, “without transfer of title,” is of crucial significance in this case. When the taxpayer transfers title to the goods which it withdraws from its stock or inventory purchased at wholesale, it cannot be taxed under the withdrawal provision of § 40-23-l(a)(10). Ex parte Morrison Food Service of Alabama, Inc., 497 So.2d 136 (Ala.1986). Cf White v. Campbell & Associates, Inc., 473 So.2d 1071 (Ala.Civ.App.1985).
There is no dispute that the taxpayer transferred title to the cable and wire to the college. Moreover, the evidence shows that title was transferred purely through the taxpayer’s donation of the cable and wire — the taxpayer was under no legal or contractual obligation to give the cable and wire to the college. The taxpayer was thus not using the cable and wire for its own “personal and private use or consumption.” Ala.Code (1975), § 40-23-l(a)(10). Cf White, 473 So.2d at 1075.
Based upon these circumstances, we conclude that the taxpayer’s donation of cable and wire to the college is not subject to sales tax under Ala.Code (1975), § 40-23-l(a)(10).
We would note that this conclusion appears to be the only one this court can reach in view of the holdings of our supreme court in Ex parte The Dothan Progress, 507 So.2d 515 (Ala.1987); Ex par-te Morrison Food Service, 497 So.2d 136; and Ex parte Disco Aluminum Products Co., 455 So.2d 849 (Ala.1984).
The taxpayer has requested an attorney’s fee for representation on appeal. We are aware of no authority for awarding such a fee, and the request is, therefore, denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.