This is a sales tax case involving the "withdrawal" provision of Ala. Code 1975, § 40-23-1(a)(10). This case is now before this court for a second time, and for a detailed account of the history and the facts, see White v. Campbell Associates,Inc., 473 So.2d 1071 (Ala.Civ.App. 1985). Here, the trial court granted Campbell Associates' (taxpayer) motion from relief from judgment pursuant to Rule 60(b), Alabama Rules of Civil Procedure. The trial court then entered an order directing the Commissioner of Revenue (Commissioner) to approve and certify to the comptroller of the State of Alabama the granting of taxpayer's petition for refund, plus interest. The Commissioner now appeals to this court. The issue on appeal is whether the evidence, when viewed in totality, justified the granting of taxpayer's Rule 60(b) motion for relief from judgment.
Originally, in White, we stated that the materials withdrawn from inventory were personally and privately used in the performance of taxpayer's business of providing a service and did not come within any exception of the statute. We held that "the title to the materials consumed is not transferred or sold" and what taxpayer sells is its capability to produce and apply rubberlining. White, supra. Pursuant to that finding, the trial court effectively ordered that taxpayer was not entitled to a refund of taxes paid.
In July 1985, this court was again presented with a case concerning the withdrawal provision, § 40-23-1(a)(10). MorrisonFood Service of Alabama v. State, 497 So.2d 131 (Ala.Civ.App. 1985). Relying on our reasoning in White, we held that Morrison's withdrawal of food from its inventory was not a sale, but instead was incidental to rendering a service to its customers. Therefore, we held that sales tax was due *Page 970 
pursuant to the withdrawal provision. However, the supreme court did not agree with our reasoning in Morrison and reversed our decision, holding that Morrison was not obligated to pay a tax for the withdrawal of food from its inventory. Ex parteMorrison Food Service of Alabama, 497 So.2d 136 (Ala. 1986).
 "The withdrawal provisions were enacted solely to fill a void not theretofore covered by any existing provision of the Alabama Sales Tax Law, that is, to tax a person who purchased goods at wholesale for the purpose of reselling and who withdrew some of these goods for his own personal and private use or consumption, without transfer of title."
Morrison, at 138.
 "Section 40-23-1(a)(10) expressly limits its application to situations where a taxpayer withdraws, uses, or consumes 'any tangible personal property previously purchased at wholesale by a person engaged in the business of selling at retail tangible personal property from the business or stock for the personal and private use or consumption, without transfer of title.'
(Emphasis added.) Thus, when the taxpayer transfers title to the goods which have been withdrawn, he cannot be taxed under the withdrawal provision."
Morrison, at 141.
The supreme court stated that the reasoning of this court inWhite is "contrary to the intent of the legislature and should not be followed." Morrison, at 141. The supreme court held thatWhite is "no longer sound authority insofar as [it] construes the withdrawal provision in situations as are present here, and [is] overruled to that extent." Morrison, at 142.
After this decision in Morrison, taxpayer here filed a Rule 60(b) motion from relief from judgment based solely onMorrison, which appeared to be ruling case law at that time. The trial court granted the motion and ordered the Commission to approve a refund plus interest to the taxpayer.
As noted above, this court's reasoning in fact situations, such as are before us now, was overruled by the supreme court in Morrison. See Ex parte Dothan Progress, 507 So.2d 515 (Ala. 1987). Further, in view of the supreme court's decisions inDothan and Morrison, this court has held that the language "without transfer of title" in § 40-23-1(a)(10) is of crucial significance. State v. S.E.A. Wire Cable, Inc., 506 So.2d 345
(Ala.Civ.App. 1987).
In light of these decisions, it appears at first glance that the trial court's conclusion to grant taxpayer's motion was proper. However, as the Commissioner has brought to our attention, the legislature, subsequent to Morrison but prior to the trial court's hearing on the 60(b) motion, amended the withdrawal provision. The 1986 amendment has one noticeable deletion from the statute. The language "without transfer of title" is no longer part of the withdrawal provision. §40-23-1(a)(10). Therefore, the question now becomes what effect does the 1986 amendment have on Morrison? Put another way, is the taxpayer now entitled to a refund pursuant to Morrison, or does the 1986 amendment preclude such a recovery?
As in all cases where we are called upon to interpret a legislative enactment, the underlying consideration is to determine and effectuate the intent of the legislature.McWhorter v. State Board of Registration, 359 So.2d 769 (Ala. 1978). "It is also proper to consider the particular evils at which the legislation is aimed, and the design, motive, purpose, and subsequent action of the legislature." McWhorter, at 772.
The following is the preamble to Act No. 689, Acts of Alabama1986, September 29, 1986, p. 87:
 "The intent of this bill is to repeal the 1983 amendment of these definitions so as to replace the repealed definitions with the pre-existing definitions of these terms; and it is further intended that no provision of this bill is to be construed or interpreted in any manner inconsistent with the pre-existing body of interpretative materials, policies, and court decisions as in existence prior to the 1983 amendment." *Page 971 
Upon examination of the statute and in view of the above, it becomes apparent that the legislature intended the Act to do away with the interpretations of the withdrawal provision subsequent to 1983. Therefore, it appears to this court that the thrust of this 1986 amendment is to do away with the interpretation of the withdrawal provision contained inMorrison. In view of this determination, we find that the trial court had no alternative but to deny the taxpayer's motion. The clear intent of the 1986 amendment did away with the Morrison
interpretation, and, therefore, Morrison was no longer valid authority for the granting of taxpayer's Rule 60(b) motion.
This case is due to be reversed and remanded.
REVERSED AND REMANDED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.