RUSSELL, Judge
(concurring specially).
I concur only in the result reached by the majority; however, I base my concurrence on the well-settled rule that where there is reasonable doubt as to the construction and meaning of a revenue statute, the doubt is to be resolved in favor of the taxpayer and against the taxing authority. Misener Marine Construction, Inc. v. Eagerton, 423 So.2d 161 (Ala.1982).
I do not subscribe completely to the majority’s reasoning because I would find that the circuit court’s determination that the “legislative intent with regard to Section 40-23-1 ... has remained the same since 1947” ignores both the Alabama legislature’s intent in 1986 in dropping the words “without transfer of title” from § 40-23-l(a)(10) and the expression of legislative disapproval — found in the language of Act No. 86-689, Ala. Acts 1986 — of judicial interpretations of the statute after the 1983 amendment and prior to 1986. I also find that the court’s reliance on Ex parte Morrison apparently does not account for the judicial interpretations of the withdrawal provision of § 40-23-l(a)(10) that followed the 1986 amendment, particularly our supreme court’s opinion in Ex parte Campbell & Associates, Inc., 544 So.2d 971 (Ala.1989), which seeks to clarify Morrison as it relates to transfer of title to goods withdrawn for personal use by a taxpayer.
In 1983 the withdrawal provision of § 40-23-l(a)(10) was amended to “remove ambiguity” from the definitions of “sale at *1219 retail or retail sale” as they appear in the statute. See Act No. 83-720, Ala. Acts 1983. The obvious significance of the 1983 amendment was the addition of language excepting from taxation certain out-of-state “furnish and install” contracts (see, e.g., Ex parte Disco Aluminum Products, Co., 455 So.2d 849 (Ala.1984)) and the addition of the words “without transfer of title” following the language in the statute that pertains to goods withdrawn from inventory for personal use by a taxpayer. When determining the applicability of the withdrawal provision in the wake of this amendment, our courts began to scrutinize whether title to a taxpayer’s goods had at some point passed to another party. In 1986 in Morrison our supreme court held that an objecting taxpayer who withdrew food from inventory to fulfill obligations under food-service contracts was not subject to sales tax under the withdrawal provision because the taxpayer had “passed title” to the food to other parties.
The legislature was apparently displeased with the ramifications of the Morrison decision, because just after the release of the case in 1986, it amended § 40-23-l(a)(10). The 1986 amendment has one noticeable deletion from the statute: the language “without transfer of title” (which had been added in 1983) is no longer part of the withdrawal provision. The title to Act No. 86-689 reads, in pertinent part, as follows:
“The intent of this bill is to repeal the 1983 amendment of these definitions so as to replace the repealed definitions with the pre-existing definition of these terms; and it is further intended that no provision of this bill is to be construed or interpreted in any manner inconsistent with the pre-existing body of interpretive materials, policies, and court decisions as in existence prior to the 1983 amendment.”
Although there is some ambiguity in the language of this Act (e.g., what exactly is the “body of interpretive materials, policies, and court decisions as in existence prior to the 1983 amendment”?), I nonetheless would find that the legislature in 1986 intended to do away with an interpretation of § 40-23-l(a)(10) that bases the applicability of the withdrawal provision solely upon transfer of title to withdrawn goods.
In 1989 in Ex parte Campbell our supreme court had an opportunity to address the withdrawal provision for the first time since the 1986 amendment went into effect. In affirming the holding of the Court of Civil Appeals that a taxpayer who sought to avoid subjection to the withdrawal provision could not successfully premise a Rule 60(b), Alabama Rules of Civil Procedure, motion for relief from judgment on the holding in Morrison, specifically as it relates to "transfer of title,” the supreme court upheld the imposition of the tax where the taxpayer had transferred title of the goods to another party. The supreme court in Ex parte Campbell endeavored to explain its decision in Morrison as follows:
“Morrison is applicable only to situations where material bought at wholesale is subsequently used to fulfill a contractual obligation to a tax exempt entity. Consequently, when one enters into and fulfills a performance contract with a non-tax exempt entity, title passes and there is a taxable retail sale.”
Ex parte Campbell, 544 So.2d at 977 (emphasis in original).
I find the trial court’s (and the majority’s) reliance on Morrison to be misplaced because there is a crucial difference between the facts in Morrison and the facts in the present case: In Morrison title to the withdrawn goods was transferred to tax-exempt entities, whereas, in this case, while there is evidence that title to the goods was transferred, there is no evidence that title was transferred to a tax-exempt entity.
Even after the supreme court’s opinion in Ex parte Campbell, however, I find that the construction our courts are now required to give § 40-23-l(a)(10) remains somewhat unclear. In White v. Campbell & Associates, Inc., 544 So.2d 969 (Ala.Civ.App.1988), the decision affirmed by the supreme court in Ex parte Campbell, this court wrote that it appears that “the thrust of [the] 1986 amendment was to do away *1220 with the interpretation of the withdrawal provision contained in Morrison. ” White, 544 So.2d at 971. The supreme court, however, failed to address this proposition directly in Ex parte Campbell, neither agreeing nor disagreeing with this court's conclusion, but writing instead that the 1986 amendment was enacted due to the legislature’s unwarranted concerns arising from its “misreading of Morrison.” Ex parte Campbell, 544 So.2d at 977. Thus, we are apparently told by the supreme court that Morrison continues to stand for what it has always stood for, contrary to this court’s opinion in White v. Campbell & Associates.
However, exactly what Morrison does stand for is unclear. Misunderstanding as to this issue is inevitable, for there is language in Morrison stating, without qualifying the tax-status of the transferee, that “when the taxpayer transfers title to the goods which have been withdrawn, he cannot be taxed under the withdrawal provision.” Morrison, 497 So.2d at 141. If, as I would maintain after Ex parte Campbell, the transfer of title to goods withdrawn for use by a taxpayer is irrelevant (unless transferred to a tax-exempt entity) where the taxpayer’s use of the goods otherwise meets the criteria of § 40-23-l(a)(10), then the supreme court in Ex parte Campbell could have availed itself of the opportunity to address previously decided cases where this very factor seems to have been determinative. The court in Ex parte Campbell fails to address language in Morrison indicating that several earlier cases dealing with the withdrawal provision (e.g., White v. Campbell & Associates, Inc., 473 So.2d 1071 (Ala.Civ.App.1985); ARA Hospital Food Management, Inc. v. State, 437 So.2d 530 (Ala.Civ.App.1983)) had been incorrectly decided because the courts in those cases did not consider the fact that title to the withdrawn goods had been passed to other parties. What is more, there is no indication by the court in Morrison that the tax status of the transferees in those earlier cases was relevant.
The court in Morrison also cites with approval Ex parte Disco Aluminum Products, which overruled Alabama Precast Products, Inc. v. Boswell, 357 So.2d 985 (Ala.1978), because the court in Alabama Precast incorrectly, according to the court, held that the withdrawal provision could be applied to situations in which title to the goods withdrawn is transferred to another. Further, in Ex parte Dothan Progress, 507 So.2d 515 (Ala.1987), which is factually identical to the instant case, the supreme court summarily reversed this court’s decision that the withdrawal provision of § 40-23-l(a)(10) applied, basing its reversal on Morrison and Disco Aluminum Products. Presumably, Dothan Progress is still good law; however, as in the instant case, there was no evidence there that title to the withdrawn goods was transferred to tax-exempt entities. Thus, a number of cases decided after 1983 and prior to the 1986 amendment, and which were neither overruled nor addressed in Ex parte Campbell, appear to have been decided on the basis of an interpretation of § 40-23-l(a)(10) that is disavowed in Ex parte Campbell and, I would argue, repudiated by the 1986 amendment.
The state of the law as it relates to § 40-23-l(a)(10) continues to need further clarification by the supreme court or the legislature. The supreme court’s explanation of Morrison in Ex parte Campbell does not lay to rest the issues of the required construction and interpretation of the body of materials, policies, and court decisions coming both before and after the 1983 amendment. The exact meaning of the body of interpretive materials, policies, and court decisions prior to 1983, as referred to in the title of Act No. 86-689, also remains unclear. Therefore, based on Misener Marine Construction, 423 So.2d 161,1 cannot find against the taxpayer in the present case.