L. CHARLES WRIGHT, Retired Appellate Judge.
Danny’s, Inc., and other establishments engaged in the sale of alcoholic beverages in Colbert County, individually and as representatives of a class, filed a complaint against the cities of Muscle Shoals and Sheffield, alleging that the imposition of the local tax on the sale of beer was in violation of the Alabama Uniform Beer Tax, § 28-3-190(e), Code 1975. Danny’s requested that a plaintiff and defendant class be certified, that the municipal ordinances be found invalid, and that a refund be awarded. The cities filed motions to dismiss and objections to the case proceeding as a class action.
The trial court held a hearing on the cities’ motions and objections. The court granted the cities’ motions to dismiss and consequently found the motion by Danny’s to certify the class to be moot.
Danny’s appeals and asserts that the trial count erred in failing to find that the cities’ beer tax ordinances were violative of the Alabama Uniform Beer Tax. § 28-3-190.
The Alabama Uniform Beer Tax, § 28-3-190, was established to “regulate the taxation of beer by levying an exclusive statewide local privilege or excise tax” on the sale of beer. 1982 Ala.Acts, No. 82-344. The Act provides for the collection of the tax and the distribution of the proceeds.
The Uniform Beer Tax is an exclusive tax and is in lieu of all local taxes and license fees measured by the sale of beer except for a general sales tax. § 28-3-190(e). Concerning the exclusivity of the tax, § 28-3-190(e) provides the following:
“(e) The tax herein levied is exclusive and shall be in lieu of all other or additional local taxes and licenses, county or municipal, imposed on or measured by the sale or volume of sale of beer; provided that nothing herein contained shall be construed to exempt the retail sales of beer from the levy of a tax on general retail sales by the county or municipality in the nature of, or in lieu of, a general sales tax.”
Sheffield’s ordinance, which Danny’s contends is in conflict with the Uniform Beer Tax, provides, in pertinent part, the following:
“[Tjhere is hereby imposed upon every person, firm or corporation engaged or continuing within the city in the business of selling at retail any beer ... and having a lounge retail liquor license, restaurant retail liquor license, private club liquor license or retail beer license for on-premises and off-premises consumption issued by the city, an amount equal to five (5) per cent of the gross proceeds of the sale of beer....”
Muscle Shoals’s ordinance is similarly worded and also provides for a five percent tax on the gross proceeds of the sale of beer.
Danny’s insists that the § 28-3-190(e) language prohibits the cities of Sheffield and Muscle Shoals from levying the additional tax on the sale of beer.
The trial court found that § 28-3-190(e) did not prohibit the levy of the local *10 taxes. It found the local tax to be “a tax on the proprietor and therefore distinguishable from the tax referred to in Code of Alabama 28-3-190, which is a tax on the consumer, see 28-3-190(b).”
We find the trial court’s conclusion to be based on an ill-founded construction of § 28-3-190(e).
In construing legislative enactments, courts must ascertain and give effect to the legislative intent as expressed in the language of the acts. Department of Revenue v. Delta Air Lines, 549 So.2d 1352 (Ala.Civ.App.1989). When the language utilized in a legislative enactment is plain and not susceptible to varying interpretations, courts must interpret the enactment to mean exactly what it says. Misener Marine Construction, Inc. v. Eagerton, 423 So.2d 161 (Ala.1982).
We find no ambiguity in the prohibitive language of § 28-3-190(e). It provides that the Uniform Beer Tax is in “lieu of all other or additional local taxes and licenses” except for general sales taxes. The record reveals that the cities’ beer taxes were “in addition” to the general sales taxes already in existence and the trial court correctly found that the cities’ taxes were not general sales taxes. It is clear that general sales taxes are the only taxes excluded from § 28-3-190(e).
The trial court’s finding that the cities’ taxes are excluded from § 28-3-190 because the tax is on the proprietor and not the consumer may be factually correct, but is no answer to the issue of whether the city ordinances are permissible under the statute. Section 28-3-190 is a preemptive statute for all tax upon the sale of beer except general sales tax. Cities or counties have no taxing authority except that granted by the legislature. Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984). The statute has withheld for the state the necessary power for the defendants to enact any tax on the sale of beer other than the stated exception (general sales tax). The trial court has held in its judgment that the tax here is not a general sales tax. We agree. It is a common expression that “a tax by any name is still a tax.” The statement by the court that the tax is to be paid by the proprietor rather than the consumer is of no consequence; the tax is levied upon the volume sale of beer and is prohibited by § 28-3-190.
Furthermore, we find that the cities of Muscle Shoals and Sheffield were without the authority to enact the local ordinances. Local legislation reflecting responses to local needs may not be enacted when those local needs have already been responded to by general legislation. State Board of Health v. Greater Birmingham Association of Home Builders, 384 So.2d 1058 (Ala.1980).
The cities’ ordinances are invalid. The case is reversed and remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of. this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.