L. CHARLES WRIGHT, Retired Appellate Judge.
On August 1, 1991, the Jackson County Board of Education voted to notify Ruthann Haymes of its intent to transfer her from Hollywood Elementary School to Bridgeport Elementary School. Haymes was notified by letter dated August 2, 1991. On August 5, 1991, she gave the Board notice of her intent to contest the transfer and requested a hearing. On August 7, 1991, the Board notified Haymes that a hearing would be held on August 14, 1991.
Following the scheduled hearing, during its open meeting, the Board voted to approve the transfer. The Board gave Haymes written notice, by hand delivery, on August 16, 1991. The school term began on August 16, 1991. On August 27, 1991, Haymes gave notice to the Alabama State Tenure Commission of her intent to appeal the Board’s order of transfer. On October 30, 1991, the Commission affirmed the Board’s order of transfer.
On December 2,1991, Haymes filed a petition for writ of mandamus in the Circuit Court of Jackson County. On October 30, 1992, the trial court denied Haymes’s petition. Haymes appeals.
Haymes does not question the justification for the transfer or the Board’s right to effect a transfer. The sole issue on appeal is whether the trial court erred in finding the transfer to be timely.
*465 Section 16-24r-5, Code 1975, provides the following:
“Any teacher on continuing service status, upon the recommendation of the superintendent and the approval of the employing board of education, may be transferred for any succeeding year from one position, school or grade to another by being given written notice of such intention to transfer by the employing board....” (Emphasis added.)
Haymes insists that this statute requires the employing boards to complete and finalize a transfer before the beginning of classes for the fall term. She asserts that the case of Alabama State Tenure Commission and Velma Avery v. Board of Education of Jefferson County, 418 So.2d 111 (Ala.Civ.App. 1981), supports her position. The Board contends that under Avery and the statute, it is only the “notice of intent” to transfer which must be given prior to the beginning of classes for the fall term.
In resolving this issue, the trial court found the following:
“[S]he argues that the Jackson County Board of Education failed ‘... to complete its attempted transfer before the beginning of the school year....’ The case of Alabama State Tenure Commission and Velma Avery v. Board of Education of Jefferson County, 418 So. 2d 111 (Ala.Civ.App.1981), is not in point. In that case, the notice of the transfer was given the teacher three days after class began at the new school. The case does not stand for the proposition, as the teacher argues, that the transfer must be ‘completed’ before the beginning of the school year. § 16-24-5, Code [1975,] does not, so far as this court can determine, contemplate completing the hearing after demand by the teacher in making the decision, but only giving the notice of the intent to transfer before the beginning of the succeeding school year.”
We agree with the trial court’s interpretation of the statute and with its interpretation of Avery.
Haymes received the Board’s notice of intent prior to the beginning of the succeeding school year. That notice was timely. Accordingly, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs specially.
YATES, J., dissents.