YATES, Judge,
dissenting.
Because of the majority’s interpretation of Ala.Code 1975, § 16-24^5, and of Alabama State Tenure Commission and Velma Avery v. Board of Education of Jefferson County, 418 So.2d 111 (Ala.Civ.App.1981), writ quashed, Ex parte Board of Education of Jefferson County, 418 So.2d 113 (Ala.1982), I respectfully dissent.
In stating, as the majority does in this case, that teacher transfers are timely as long as the school board’s “notice of intent” to transfer is given to the teacher prior to the beginning of the succeeding school year, I am of the opinion that we are misconstruing Ala.Code 1975, § 16-24-5; in particular, the phrase “succeeding year.” In essence, we are stating that a teacher may be transferred if notice of such intent to transfer is given to that teacher prior to the beginning of classes, even if notice is given only one day prior to the date classes begin.
Apparently, this interpretation began in Avery, where this court stated:
“As provided in § 16-24-5, a tenured teacher may be transferred by the employing board for any ‘succeeding year.’ The question then is whether Avery was transferred for the ‘succeeding year.’ In order to answer the question we must know what the term ‘succeeding year’ means; and, in the absence of a statutory definition, we must fashion one.
“Based on these definitions we conclude that the term ‘succeeding year’ should be defined as meaning the next school year after the one in which the teacher was transferred.”
Id. 418 So.2d at 112.
The teacher in Avery was not notified of her transfer until 3 days after the beginning of classes for the 1979-80 school year. This court held, however, that the attempted transfer was for the current year, i.e. 1979-80, and not for the “succeeding year,” i.e., 1980-81. “We believe ... that the transfer was intended to be effective in the 1979-80 *467 school year, but for this to be so, the transfer should have been made before the beginning of the 1979-80 school year. This was not done and, as a consequence, the purported transfer was invalid.” Id. at 112.
While Avery found that this court must fashion a definition of “succeeding year,” to me, the appropriate usage of § 16-24-5 would be to measure timeliness according to the “scholastic year,” noted in Ala.Code 1975, § 16-1-1(4). That section defines “scholastic year” as beginning “with the first day of July and end[ing] with the thirtieth day of June each year.” Although such a definition is drastically different from the application following Avery, I believe that using the “scholastic year” definition in the context of § 16-24-5 is the correct application. Despite the fact that § 16-1-1 is in a different chapter of the Code from § 16-24-5, § 16-1-1 nevertheless prefaces the entire Title 16. In fact, § 16-1-1 begins by stating, “For purposes of this title, the following words and phrases shall have the meanings respectively ascribed to them by this section.” (Emphasis added.) Conversely, the only definition contained in Chapter 24 is in § 16-24-1, where “teacher” is defined. No other definitions are contained which would supersede “scholastic year.”
Also, practicality suggests that the “scholastic year” definition should apply to § 16-24-5. Such a time frame would allow the teacher to contest the proposed transfer and, in the event of an unfavorable decision by the board, would allow the teacher time to prepare for such transfer.
There appears to be leeway for applying § 16-1-1 to teacher transfer cases. In Wright v. Marengo County Board of Education, 367 So.2d 501 (Ala.Civ.App.1979), certain teachers appealed their transfers and contended that notice must be given by “June 30, i.e., before the commencement of the succeeding school year.” Id. at 503. Judge Holmes in Wright did not address this issue, however, stating that notice was given on April 28, long before a possible June 30 deadline. Id. Furthermore, in Avery the supreme court quashed the writ of certiorari and stated, “this Court does not wish to be understood as approving all the language, reasons, or statements of law in the Court of Civil Appeals’ opinion.” Ex parte Board of Education of Jefferson County, 418 So.2d 113 (Ala.1982). Quite possibly, the supreme court did not approve the implication that the beginning of classes was the deadline for notice of transfer.
A close review of the language in Avery indicates the focus was on defining “succeeding” in the phrase “succeeding year.” Without overruling Avery, I would clarify “succeeding year” to mean “the next school year after the one in which the teacher was transferred,” Avery, 418 So.2d at 112, but with the “school year” being measured from July 1 through June 30. This, I believe, would be a proper application of the law to this and future teacher transfer cases.
In this ease, since the Board’s notice of intent to transfer was not received by Haymes prior to the scholastic year for which the transfer was to be effective, I would hold that Haymes’s petition for the writ of mandamus was due to be granted. Accordingly, I respectfully dissent.