L. CHARLES WRIGHT, Retired Appellate Judge.
Deborah Kirkland, a non-tenured teacher, filed a “Petition for Writ of Mandamus or, in the Alternative, Complaint for Declaratory and Injunctive Relief,” alleging that the Henry County Board of Education had not properly given her notice of the non-renewal of her contract, pursuant to § 16-24r-12, Code *1367 1975. The trial court found that she was properly noticed. Kirkland appeals.
Section 16-24-12 provides, in pertinent part, the following:
“Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed....”
(Emphasis added.)
The dispositive issue on appeal is whether Kirkland received a timely notice of non-renewal, pursuant to § 16-24-12.
The facts are undisputed. On May 26, 1992, the Board determined that Kirkland’s employment contract would not be renewed for the 1992-1993 school year. Kirkland received written notice of the non-renewal on May 28,1992.
The Henry County School System’s last day of school for students for the 1991-1992 school year was May 27, 1992. The last day for teachers was the teacher workday of May 28,1992.
Kirkland’s position is that the emphasized wording in § 16-24-12 means that notice of non-renewal must be served on a teacher on or before the last day that students are in attendance at the teacher’s school. She insists that because she did not receive notice until May 28, 1992, the teachers’ last day of school, she was not properly noticed.
The Board’s position is that the emphasized wording of § 16-24-12 means that notice of non-renewal must be served on a teacher on or before the last day that the teacher is required to be in attendance at her school. It insists that Kirkland was properly noticed because she received notice on May 28, 1992, the last day that teachers were required to report to school.
The trial court accepted the Board’s interpretation. It determined that the “ ‘last day1 [of the term of the school,] as used in Section 16-24-12 means the last day teachers are required to report to work....” That day is the last day of the “term” within the meaning of the statute.
In construing legislative enactments, courts must ascertain and give effect to the legislative intent as expressed in the language of the acts. Danny’s, Inc. v. City of Muscle Shoals, 620 So.2d 8 (Ala.Civ.App.1992). When the language utilized in a legislative enactment is plain and not susceptible to varying interpretations, courts must interpret the enactment to mean exactly what it says. Danny’s.
The legislature, in its wisdom, did not define the “last day of the term.” Neither did the school board set a specific day for the end of the term. It is within the authority of each school board to set the school term. § 16-8-30.
There has been much confusion arising from the interpretations of terms used in the Teacher Tenure Act, i.e., “school year,” “scholastic year,” “school term.” Estill v. Alabama State Tenure Comm’n, 650 So.2d 890 (Ala.Civ.App.1994); Haymes v. Alabama State Tenure Comm’n, 627 So.2d 464 (Ala.Civ.App.1993).
In the absence of specific legislative definition, courts must attempt to ascertain and give effect to the intent and purpose of the statute. Danny’s.
We consider the reasonable meaning of the words of the statute, “last day of the term of the school in which the teacher is employed,” is the day which activities relating to the attendance of students and/or their teachers for that school year are concluded. It is axiomatic that the school year may not, and usually does not, end with dismissal of the students, but ends for the teacher when his/her records and reports are closed and deposited for future use. It is only common sense that it is only then that the year’s term ends for the teacher. It is our opinion that in the absence of a designated “term” of a school year by the Board of Education of the county or city, the term of the school ends when the students and the teachers are dismissed from further duty for that year.
The trial court’s judgment — that the “last day” refers to the last day that the teachers are required to be at school — is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *1368 WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.